Filed 5/3/22  P. v. Walden CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>XAVIER WALDEN,<br><br>        Defendant and Appellant. | A162361<br>(Napa County<br>Super. Ct. No. 20CR000400) |

Xavier Walden appeals from a judgment reinstating his probation after he admitted a probation violation.  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

### I.  *FACTS AND PROCEDURAL HISTORY*

Appellant was discovered by Walmart loss prevention officers to be "under scanning" items at check out (scanning items for lower prices) and putting them in a backpack without paying for them.  When confronted, he initially gave a false name and then fled from officers when they tried to place him in a police car.

Appellant was charged with both felony and misdemeanor counts in case no. 20CR000400 and on November 19, 2020, he pled no contest to two misdemeanor counts of obstructing or resisting an executive officer and one

1

misdemeanor count of petty theft. (Pen. Code, §§ 69, 484, subd. (a).)[1] He was placed on formal probation for one year conditioned upon his serving 45 days in local custody.

On December 1, 2020, the district attorney filed a petition for revocation of appellant's probation based on violations of section 236 and 243, subdivision (e) (false imprisonment and domestic violence battery), which were separately charged in case no. 20CR002691. He pled no contest to misdemeanor domestic violence battery in that case and admitted the probation violation in the instant matter. Appellant was placed on probation in case no. 20CR002691, and his probation was reinstated in the instant matter subject to an additional 15 days of local custody. A separate and different set of probation conditions was filed in each case.

Appellant filed separate appeals from the judgment in each case, which this Court ordered consolidated. He filed a brief raising challenges to the probation conditions in case no. 20CR002691, but raising no issues with respect to the instant matter. We subsequently determined that we did not have jurisdiction over case no. 20CR002691, a misdemeanor case (see *People v. Shoup* (2001) 89 Cal.App.4th 420, 421), and ordered that matter transferred to the superior court. We struck the opening brief and granted appellant leave to file a new brief to raise issues regarding the instant matter; he has filed this brief raising no issues under *Wende/Anders*.

## II. *DISCUSSION*

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues, that appellant has been advised of his right to file a

---

[1] Further statutory references are to the Penal Code.

2

supplemental brief, and that appellant did not file such a brief.  We have independently reviewed the entire record for potential error and find none.  The trial court acted within its discretion by reinstating probation subject to an additional 15 days in local custody.  The probation order in the instant case did not include any conditions that are arguably overbroad, violate the constitution, or run afoul of *People v. Lent* (1975) 15 Cal.3d 481.

We are satisfied that appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

III.  <em>DISPOSITION</em>

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

SIMONS, J.

*People v. Walden* / A162361